UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT BLUMENBLATT,

Plaintiff,

-against-

THE CITY OF NEW YORK, *et al.*,

Defendants.

26-CV-7453 (JPO)

ORDER OF SERVICE

J. PAUL OETKEN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), 42 U.S.C. § 1983, and under state law. He seeks damages, declaratory relief, and injunctive relief, including an injunction prohibiting efforts to evict him from his Manhattan apartment. Plaintiff sues: (1) the City of New York; (2) Todd I. Nahins, Esq., of Borah, Goldstein, Nahins & Goidel, P.C. ("BGNG"), whom he describes "as an independent 'debt collector' . . . , manually orchestrating the state-court eviction line and electronically refusing [his] complete tender of the true adjudicated judgment balance"; (3) Evan S. Nahins , Esq., also of BGNG, whom he also describes as "an independent 'debt collector' . . . , manually generating and filing a newly fabricated, unauthorized 8-page ledger . . . containing an unverified opening balance row . . . , directly violating prior judicial mandates"; (4) Jeffrey C. Chancas, Esq., also of BGNG, whom he further describes as "a debt collector . . . , utilizing interstate PACER wires to introduce counterfeit financial data into the . . . Bankruptcy Court to intentionally engineer a Chapter 13 dismissal trap"; (5) New York City Marshall Robert Renzulli, individually and in his official capacity, who allegedly "issu[ed] . . . [a] cascade of ambiguous 14-day Notices of Eviction that omitted the specific legal balances required to satisfy the warrant"; (6) Andrea Blair, Esq., whom he describes as his "court-appointed Guardian Ad

Litem (GAL) assigned to protect [his] estate"; (7) "the Estate of [Deceased First GAL]," which, he alleges, "represents the [unidentified] deceased original fiduciary whose passing during the litigation automatically triggered a mandatory statutory stay of all lower-court possessory enforcement, which the collecti[ve] defendants willfully bypassed"; and (8) unidentified "'John Doe' Nos. 1-5," who allegedly "represent unknown corporate principals, private equity administrators, or asset managers operating underneath the City's master 99-year layout whose specific identities are currently concealed behind the collection[] firm's database." (ECF No. 1 at 2-4.)

By order dated September 2, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 9.) For the reasons discussed below, the Court dismisses Plaintiff's claims against the City of New York and against City Marshal Renzulli without prejudice. The Court directs service on the remaining identified Defendants (Todd I. Nahins, Esq., Evan S. Nahins, Esq., Chancas, and Blair). The Court directs any remaining Defendants who have information that they may share regarding Plaintiff's need for a GAL in federal or state court to file a letter on the docket with that information.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

**DISCUSSION**

The Court understands that Plaintiff asserts claims of federal constitutional violations under 42 U.S.C. § 1983 against the City of New York and against City Marshal Renzulli (in his individual and official capacities), and claims under the FDCPA and/or under state law against the remaining Defendants.

**A. Claims under 42 U.S.C. § 1983**

**1. City Marshal Renzulli in his individual capacity**

The Court must dismiss Plaintiff's Section 1983 individual-capacity damages and injunctive-relief claims against City Marshal Renzulli that arise from his execution of warrants of eviction issued by the New York City Civil Court, New York County, Housing Part ("Housing Court"), under the doctrine of quasi-judicial immunity. Under the doctrine of judicial immunity, judges are absolutely immune from suit for damages in their individual capacities for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009).

Courts have extended this immunity from damages (hereinafter referred to as quasi-judicial immunity) to "others who perform functions closely associated with the judicial process," *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985), when they are performing discretionary acts of a judicial nature that are essential to the judicial process, such as city marshals executing facially valid eviction warrants issued by the Housing Court, *see, e.g.*, *Bey v. Ferdinand*, No. 24-CV-6684, 2025 WL 1505041, at *5 (S.D.N.Y. May, 21, 2025); *Morris v. Katz*, No. 11-CV-3556, 2011 WL 3918965, at *4 (S.D.N.Y. Sept. 5, 2011).

In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Courts have extended this amendment's immunity from injunctive relief to "judicial employees entitled to judicial and quasi-judicial immunity." *Triestman v. McGinty*, 804 F. App'x 98, 100 (2d Cir. 2020) (summary order); *see Irazu v. Sainz*

*De Aja*, No. 23-702-cv, 2023 WL 8447256, at *2 (2d Cir. Dec. 6, 2023) (summary order); *Bey*, 2025 WL 1505041, at *5 n.5 (city marshal executing eviction warrant).

To the extent that Plaintiff asserts individual-capacity Section 1983 damages and injunctive relief claims against City Marshal Renzulli arising from his execution of warrants of eviction issued by the Housing Court, such claims arise from assisting a state court with respect to the execution of its rulings. Thus, Plaintiff has failed to allege any facts showing that Renzulli has acted beyond the scope of his responsibilities or outside of his jurisdiction. *See Mireles*, 509 U.S. at 11-12. Accordingly, the doctrine of quasi-judicial immunity applies to these individual-capacity claims under Sections 1983 for damages and injunctive relief. The Court therefore dismisses such claims without prejudice under the doctrine of quasi-judicial immunity[1] because Plaintiff seeks monetary relief from a Defendant who is immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and because such claims are frivolous, *see* § 1915(e)(2)(B)(i); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

2. **Section 1983 claims against the City of New York and against City Marshal Renzulli in his official capacity**

The Court must also dismiss Plaintiff's Section 1983 claims against the City of New York and his official-capacity Section 1983 claims against City Marshal Renzulli without prejudice. When a plaintiff sues a municipality or other local governmental entity, or one of its

[1] The amendment to Section 1983, allowing for injunctive relief against a judicial officer only if a state-court declaratory decree was violated or state-court declaratory relief is unavailable, bars Plaintiff from seeking injunctive relief against Renzulli in his individual capacity. This is so because Plaintiff can seek review of the Housing Court's rulings in the New York State appellate courts. *See Berlin v. Meijia*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. May 18, 2018).

officials in his/her official capacity, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's or other local governmental entity's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality or other local governmental entity itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011); *see also Coon v. Town of Springfield, Vt.*, 404 F.3d 683, 687 (2d Cir. 2005) ("[A Section] 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself." (citing *Brandon v. Holt*, 469 U.S. 464, 471-43 (1985)). In other words, to state a claim under Section 1983 against a municipality or other local governmental entity, the plaintiff must allege facts showing: (1) the existence of a municipal or other local governmental entity policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted); *see also Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993) ("Similarly, there must be proof of such a custom or policy in order to permit recovery on claims against individual municipal [officers] in their official capacities, since such claims are tantamount to claims against the municipality itself."), *overruled on other grounds*, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993)). If there is no underlying constitutional violation, however, the Court need not examine whether there is such liability under Section 1983. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006); *see also*

*Lacen v. Aygemong*, No. 21-1964, 2022 WL 14177191, at *2 (2d Cir. Oct. 25, 2022) (summary order) (discussion in official-capacity context).

Plaintiff alleges nothing to suggest that a policy, custom, or practice of the City of New York or of City Marshal Renzulli caused a violation of Plaintiff's recognized federal constitutional rights. Plaintiff alleges that the "City of New York, as the overarching master leaseholder, breached its nondelegable constitutional duty by permitting private collection enterprises to operate an un-written, unregulated tenancy scheme that directly obstructed . . . Plaintiffs right to process his [City Fighting Homelessness and Eviction Prevention Supplement (CityFHEPS)] housing voucher rows." (ECF No. 1 at 7.) He also alleges that Renzulli "deprived . . . Plaintiff of his Fourteenth Amendment right to Procedural Due Process by distributing an ongoing cascade of 14-day Notices of Eviction that deliberately left the execution balance blank or un-itemized." (*Id.* at 8.) Notwithstanding the immunity enjoyed by Renzulli in his individual-capacity discussed above, neither the City of New York nor Renzulli had any federal constitutional obligation to protect Plaintiff from the actions of the other Defendants. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989). The Court therefore dismisses these claims without prejudice for failure to state a claim on which relief may be granted.[2] *See* § 1915(e)(2)(B)(ii).

---

[2] To the extent that Plaintiff asks this Court to overturn a final judgment of the Housing Court regarding eviction orders, that is prohibited by the *Rooker-Feldman* doctrine. A federal district court cannot reject or overturn a final state-court order or judgment, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005), "regardless of whether" such a state-court order or judgment is a "final trial-court [order or] judgment[] or . . . [one issued by] a State's highest court," *see T.M. v. Univ. of Md. Med. Sys. Corp.*, 146 S. Ct. 1739, 1748-52 (2026). This includes when a litigant asks a federal court to "review of a prior decision by the New York State housing court, ordering . . . eviction based on a finding of non-payment of rent." *Babalola v. B.Y. Equities, Inc.*, 63 F. App'x 534, 535 (2d Cir. 2003) (summary order); *Thompson*

**B. Service on the remaining identified Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the court and the United States Marshals Service ("USMS") to effect service on the remaining identified Defendants (Todd I. Nahins, Esq., Evan S. Nahins, Esq., Chancas, and Blair).[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the remaining identified Defendants through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of the remaining identified Defendants. The Clerk of Court is further instructed to issue summonses for the remaining identified Defendants (Todd I. Nahins, Esq., Evan S. Nahins, Esq., Chancas, and Blair) and deliver to the USMS all of the paperwork

---

*v. Donovan*, No. 13-CV-2988, 2014 WL 5149037, at *13-14 (S.D.N.Y. Oct. 14, 2014) (dismissing, under the *Rooker-Felman* doctrine, claims that would "involve reversal of the Yonkers City Court judgment that the Landlord could evict Plaintiffs for non-payment of electricity charges as additional rent" and also applying it to "Plaintiffs' request that the Court enjoin any future evictions of Plaintiffs or other tenants . . . based on a failure to pay 'additional rent' in the form of electricity charges").

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)") generally requires that the summons and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on the remaining identified Defendants until the Court reviewed the complaint and ordered that summonses be issued for the remaining identified Defendants. The Court therefore extends the time to serve the remaining identified Defendants until 90 days after the date that the summonses for the remaining identified Defendants are issued. If summonses and the complaint are not served on the remaining identified Defendants within 90 days from the date that summonses for the remaining identified Defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

necessary for the USMS to effect service of a summons and the complaint on each of the remaining identified Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if he fails to do so.

**C. City Bar Justice Center**

The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project to assist parties representing themselves in civil cases filed in this court.[4] Appointments can be scheduled by completing the CBJC's intake form. If Plaintiff is not able to complete this form, or if he has questions about the form, he should call (212) 382-4794. A flyer with details is attached.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court directs any remaining Defendants who have information that they may share regarding Plaintiff's need for a GAL in federal or state court to file a letter on the docket with that information.

For the reasons set forth in this order, the Court dismisses Plaintiff's claims brought under 42 U.S.C. § 1983 against the City of New York and against City Marshal Renzulli without prejudice. The Court dismisses Plaintiff's Section 1983 claims against Renzulli in his individual capacity, under the doctrine of quasi-judicial immunity, for seeking monetary relief from a Defendant that is immune from such relief and because such claims are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii). The Court dismisses Plaintiff's Section 1983 claims against the City of

---

[4] The CBJC is a private organization that is not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

New York and Renzulli, in his official capacity, for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). The Court therefore directs the Clerk of Court to terminate these Defendants from this action.

The Court additionally directs the Clerk of Court to: (1) issue summonses for the remaining identified Defendants (Todd I. Nahins, Esq., Evan S. Nahins, Esq., Chancas, and Blair); (2) complete the USM-285 forms with the service addresses of the remaining identified Defendants; and (3) deliver all documents necessary to effect service of the summonses and the complaint on the remaining identified Defendants to the USMS.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 21, 2026
New York, New York

J. PAUL OETKEN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Todd I. Nahins, Esq.
Borah, Goldstein, Nahins & Goidel, P.C.
377 Broadway
New York, New York 10013-3993

2. Evan S. Nahins, Esq.
Borah, Goldstein, Nahins & Goidel, P.C.
377 Broadway
New York, New York 10013-3993

3. Jeffrey C. Chancas, Esq.
Borah, Goldstein, Nahins & Goidel, P.C.
377 Broadway
New York, New York 10013-3993

4. Andrea Blair, Esq.
290 West 98th Street, Apt. 5C
New York, New York 10025-5506

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT

in the Southern District of New York (SDNY)

CITY BAR JUSTICE CENTER

## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

- **Counseling** about potential federal claims prior to filing suit
- **Interpreting and explaining** federal law and procedure
- **Reviewing drafted pleadings** and correspondence with the Court
- Consulting on **discovery** matters
- Assisting with the **settlement** process (including **mediation**)